UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-131-GWU

BETTY SUE ALLEY,                                                    PLAINTIFF,


VS.                                **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                   DEFENDANT.

* * * * * * * *

The plaintiff originally brought <u>Alley v. Barnhart</u>, London Civ. Action No. 03-134 (E.D. Ky.) to seek judicial review of an administrative decision to terminate Social Security Income (SSI) and Disability Insurance Benefits (DIB) originally awarded in 1995.  After a period of administrative reconsideration prompted by the undersigned's Memorandum Opinion, Order and Judgment of May 28, 2004 (Tr. 368-374), another negative agency decision was issued (Tr. 347-360).  The appeal is again before the Court on cross-motions for summary judgment.

## STANDARDS APPLICABLE TO TERMINATION DECISIONS

Once an individual is awarded benefits, his or her continued eligibility for such benefits is subject to the following review:

1. Is the beneficiary engaging in substantial gainful activity?  If so, then the disability will be found to have ended.  See 20 C.F.R. Section 404.1594(f)(1), 416.994(f).

2. Provided the beneficiary is not engaged in substantial gainful activity, does the beneficiary have an impairment or combination of impairments which meet or equal the severity of impairments in the Listing?  If so, then the disability must

Alley

be found to continue.  See 20 C.F.R. Section 404.1594(f)(2), 416.994(f).

3.      If a Listing is not met, has there been medical improvement in the plaintiff's original conditions?  That is, any decrease in the medical severity of the impairments present at the time of the most favorable medical decision that you were disabled or continued to be disabled.  20 C.F.R. 404.1594(b)(1)), 416.994(b).

4.      Provided medical improvement has occurred, then the question is whether this has produced an increase in the residual functional capacity.  If the improvement is not related to the ability to perform work activities, then one proceeds to step 5.  If the improvement is related to work ability, then one proceeds to step 6.  See 20 C.F.R. Section 404.1594(c), 416.994(c).

5.      Provided there has been no medical improvement or the improvement is not related to work ability, then one must decide whether an exception to the medical improvement standard will apply.  If not, then a finding of continuing disability should be made.  See 20 C.F.R. Section 404.1594(d) and (e), 416.994(d) and (e).

6.      If the medical improvement is found to be related to work ability or if an exception to the medical improvement standard applies, then one considers whether the current impairments in combination are "severe."  If so, then one proceeds to step 7; if not, the beneficiary is no longer considered disabled.  See 20 C.F.R. Section 404.1594(f)(6), 416.994(f).

7.      If the impairments are found to be severe, then one must assess the beneficiary's ability to engage in substantial gainful activity in accordance with 20 C.F.R. Section 404.1561.  If found capable of performing past relevant work, then the disability will be found to have ended.  Otherwise, one proceeds to step 8.  See 20 C.F.R. Section 404.1594(f) (7), 416.994(f).

8.      Provided the beneficiary cannot perform past relevant work, then one must assess the residual functional capacity and

Alley

>considering the age, education, and past work experience,
>determine whether other work can be performed.  If so, then
>the beneficiary is no longer disabled.  Otherwise, a finding of
>continuing disability should be made.  See 20 C.F.R. Section
>404.1594(f)(8), 416.994(f).

The standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the extent that he can perform substantial gainful activity.  Casiano, Jr. v. Heckler, 746 F. 2d 1144 (6th Cir. 1984).  The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions.  Id. at 1148.

## DISCUSSION

The case had been remanded because the plaintiff's physical status, in particular, at the comparison point date was unclear. This issue, and the analysis of medical improvement was addressed very appropriatelyl on remand.  Old exhibits were introduced (Tr. 500-519) which further clarified the plaintiff's condition at the more remote time frame. In the latest administrative decision, the new ALJ noted that the plaintiff's  doctor had recently reported that the plaintiff had had no recurrence of her cancer, or evidence of a new cancer, in the years since she had been diagnosed with breast cancer (Tr. 351-352),[1]

---

[1]The plaintiff's oncologist, John Cronin, clearly indicated that the plaintiff had been doing well since 2000 (e.g., Tr. 397, 541, 542) and, as of February, 2005, he stated that the plaintiff showed no evidence of recurrence of her cancer or new disease (Tr. 397).

Alley

her chiropractor described her headaches and back pain as "just about gone" (Tr. 352),[2] and a new consultative examiner found normal manipulative ability (Tr. 358).[3]  As for the plaintiff's mental status, the ALJ commented that Alley had been without the benefit of consistent or regular mental health treatment since 2000 (Tr. 353) and, according to two mental health evaluations since that time, had a GAF consistent with no more than mild mental symptoms (Tr. 354, 355).  Based on these factors, as well as other evidence, the ALJ properly concluded that the evidence reflected overall improvement in the plaintiff's condition since the 1995 favorable decision. (Tr. 358).

The current ALJ also found that since February, 2000 the plaintiff had the residual functional capacity to perform medium level work which would accommodate Alley's "right arm weakness" and did not involve exposure to workplace hazards such as unprotected heights or dangerous/moving machinery or take into account a "seriously limited but not precluded" ability for detailed work. (Tr. 359-360).  She was believed to be able to return to her past work as a housekeeping aide and kitchen helper. (Tr. 360).

Given the fact that the plaintiff had not shown any evidence of cancer, the consultative physical examiner specifically found that Alley could perform "marked" amounts of lifting, ambulating, standing, bending, and stooping (Tr. 563-564), and even her

---

[2]Her chiropractor stated in 2003 that her back pain had responded well to treatment and that she could handle "at least" a part-time job. (Tr. 567).

[3]Consultative Examiner Jeff Reichard noted in 2003 that there was no weakness or decreased range of motion of the right arm and that the plaintiff had an essentially normal physical examination. (Tr. 563). Lumbar x-rays ordered by the doctor were the only ones of recent vintage, and were unremarkable in result. (Tr. 565).

Alley

chiropractor found her capable of "at least" part-time work, this is substantial evidence to support the ALJ's residual physical functional capacity finding. Additionally, one medical reviewer who examined the record earlier even found no significant work-related restriction limitations. (Tr. 588).

The ALJ was also correct in indicating that the plaintiff had not sought mental health treatment since 2000. (Tr. 553, 554). An Adanta staff member noted that when the patient was last seen she was considered improved. (Tr. 553).  Two one-time examiners cited GAF scores consistent with only mild symptoms (Tr. 559, 651), as the ALJ had also noted. Thus, there is some support for the mental restrictions cited.

One additional factor, however, is the fact that several sources appeared to favor mental restrictions on exposure to stress or pace. (Tr. 560, 652). Nonetheless, as the issue was whether the plaintiff could return to her past work, it was up to Alley to establish that this a reasonable restriction of this character would preclude the performance of the specific past work involved. This has not been done.

The decision will be affirmed.

This the 16th day of February, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**